ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED, IN EFFECT:
 DO AGENCIES, AS EMPLOYERS, OWE SICK LEAVE BENEFITS OF MEMBERS OF THE DEFERRED OPTION PLAN TO THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM UPON THE EMPLOYEES' ENTRY INTO THE PLAN OR UPON THE EMPLOYEES' RETIREMENT FROM THE PLAN, PURSUANT TO 47 O.S. 2-307.2 (1991)?
BECAUSE YOUR QUESTION IS A CLOSE EXTENSION OF THE PREVIOUS INFORMAL OPINION REQUESTED BY YOU, THIS OFFICE HAS DETERMINED THAT THIS REQUEST SHOULD ALSO BE ANSWERED IN AN INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
AS WAS DISCUSSED IN MY LETTER OF NOVEMBER 5, 1992, MEMBERS OF THE LAW ENFORCEMENT RETIREMENT SYSTEM ("OLERS") MAY, IN LIEU OF RETIREMENT, ENROLL IN THE DEFERRED OPTION PLAN (THE "PLAN") CREATED PURSUANT TO 47 O.S. 2-305.2. 74 O.S. 2-305.2(B) SPECIFICALLY PROVIDES, FOR ELIGIBILITY PURPOSES, THAT CREDITABLE SERVICE FOR THE PLAN SHALL INCLUDE CREDIT PURSUANT TO 47 O.S. 2-300 THROUGH 47 O.S. 2-305.1 (1991). THIS WOULD EXCLUDE SICK LEAVE CREDIT ACCRUED PURSUANT TO 47 O.S. 2-307.2 (1991). AS STATED IN THAT INFORMAL LETTER, IT IS LOGICAL TO CONCLUDE THAT BECAUSE MEMBERS WHO ENTERED INTO THE PLAN WOULD EXPERIENCE NO CHANGE IN EMPLOYMENT STATUS, ACCRUED SICK LEAVE WOULD REMAIN UNCHANGED ALSO. THUS, IT WAS CONCLUDED IN THAT INFORMAL LETTER THAT MEMBERS OF OLERS WHO ENTER THE PLAN ARE NOT ENTITLED TO BE CREDITED, FOR PURPOSES OF ENROLLMENT IN THE PLAN, WITH ACCRUED SICK LEAVE UNDER 47 O.S. 2-307.2. MOREOVER, BECAUSE THERE IS NO CHANGE IN EMPLOYMENT STATUS, SICK LEAVE BENEFITS WOULD FOLLOW A MEMBER DURING HIS OR HER PARTICIPATION IN THE PLAN. 47 O.S. 2-307.2 (1991) PROVIDES:
 "THE TOTAL SERVICE CREDIT OF A MEMBER WHO RETIRES OR TERMINATES EMPLOYMENT AND ELECTS A VESTED BENEFIT SHALL INCLUDE NOT TO EXCEED ONE HUNDRED THIRTY (130) DAYS OF UNUSED SICK LEAVE ACCUMULATED WHILE A MEMBER OF THE SYSTEM. SUCH CREDIT SHALL BE ADDED IN TERMS OF WHOLE MONTHS. TWENTY DAYS OF UNUSED SICK LEAVE SHALL EQUAL ONE (1) MONTH FOR PURPOSES OF SERVICE CREDIT. IF UNUSED SICK LEAVE ENTITLES A MEMBER TO AN ADDITIONAL YEAR OR FRACTION THEREOF OF SERVICE CREDIT, THE MEMBER'S EMPLOYER SHALL REIMBURSE THE SYSTEM FOR THE COST OF FUNDING THE ADDITIONAL RESERVE BY PAYING THE AMOUNT DETERMINED BY THE BOARD PURSUANT TO SECTION (47 O.S. 2-307.5 OF TITLE 47). EACH EMPLOYER SHALL PROVIDE THE SYSTEM WITH ADEQUATE AND TIMELY INFORMATION NECESSARY TO DETERMINE ADDITIONAL BENEFITS AND ITS COST UNDER THIS SECTION. THIS SECTION SHALL APPLY TO MEMBERS RETIRING OR VESTING AFTER JULY 1, 1985, AND SHALL NOT BE RETROACTIVE."
AS NOTED IN MY PREVIOUS INFORMAL LETTER, THE GOAL OF STATUTORY CONSTRUCTION IS TO SEEK AND GIVE EFFECT TO THE LEGISLATIVE INTENT CONTAINED IN A STATUTE. STATE EX REL. CARTWRIGHT V. GEORGIA-PACIFIC CORP., 663 P.2D 718 (OKLA.1982).
SECTION 47 O.S. 2-307.2 SPECIFICALLY PROVIDES THAT SICK LEAVE BENEFITS MAY BE APPLIED TO THE SERVICE CREDIT OF A MEMBER WHO RETIRES OR TERMINATES EMPLOYMENT. A MEMBER WHO JOINS THE PLAN DOES NOT AT THAT TIME EITHER RETIRE OR TERMINATE EMPLOYMENT. INSTEAD, THAT EMPLOYEE HAS EXERCISED AN ALTERNATIVE OUTSIDE THE SCOPE OF 2-307.2. THUS, AT THE TIME OF ENTRY INTO THE PLAN, SICK LEAVE BENEFITS ARE UNAFFECTED. THE LOGICAL CONCLUSION IS THAT REIMBURSEMENT BY AN AGENCY TO OLERS PURSUANT TO 2-307.2 WOULD BE PAID AT THE TIME THE MEMBER RETIRES OR TERMINATES EMPLOYMENT, NOT AT THE TIME OF ENTRY INTO THE PLAN.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT AGENCIES, AS EMPLOYERS, OWE SICK LEAVE BENEFITS OF MEMBERS OF THE DEFERRED OPTION PLAN TO THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM UPON THE EMPLOYEES' RETIREMENT OR TERMINATION FROM EMPLOYMENT, PURSUANT TO 47 O.S. 2-307.2 (1991).
(JAMES ROBERT JOHNSON)